STATE ex rel. COM'RS OF LAND OFFICE v. GRISHAM.

No. 33155.    July 13, 1948.

Rehearing Denied Oct. 12, 1948.

*198 P. 2d 419.*

Lonnie L. Corn, Richard A. Jackson, Floyd Wheeler, and T. J. Lee, all of Oklahoma City, for plaintiff in error.

Cook & Bingaman, of Purcell, for defendant in error.

GIBSON, J. This action originated by the defendant in error, as plaintiff, filing a petition in what is termed reverse condemnation to determine the injury sustained by plaintiff through the alleged taking by plaintiff in error, defendant therein, of lands upon which plaintiff, as holder of drainage bonds, had a lien. From the judgment of the court approving the report of commissioners, this appeal is taken. Hereinafter the plaintiff in error will be referred to as State, and defendant in error as plaintiff.

In 1930 the board of county commissioners of McClain county, under authority of law (82 Okla. Stat. Ann. §281 et seq.) established Walnut Creek drainage district No. 1, and issued the bonds thereof secured by and to be paid out of assessment of benefits made upon the lands therein. The plaintiff is the owner of the bonds. At the time of the creation of the district, the State was holder of a mortgage upon lands in the district upon which assessments were made. In 1932 the State instituted action for foreclosure of the mortgage. Judgment was rendered and, in pursuance of order of sale issued there-

under, the land was sold at public sale on January 21, 1942. The State was the purchaser and, after confirmation of the sale, the land was conveyed to the State as such purchaser.

In plaintiff's petition there is recited the establishment of said district, the assessment of benefits found to accrue to the mortgaged lands, the issuance of said bonds and the ownership thereof by the plaintiff. It is further alleged that the State, without knowledge or consent of plaintiff or her predecessors in title, entered into possession of said lands on March 5, 1942, and is using same as a part of the public lands of the State, that such taking was without proceedings in eminent domain against such assessments, and that plaintiff is entitled under the law to a determination of the value of the property of plaintiff so taken. The prayer is for the appointment of commissioners to assess the damages sustained by the plaintiff by reason of the appropriation. The State filed a motion to dismiss upon the ground the proceeding was in effect a suit against the State without its consent. The motion was overruled and commissioners were appointed. Upon the filing of the report of the commissioners, wherein damages sustained by plaintiff were assessed, the State filed its motion to vacate the report and dismiss plaintiff's petition on jurisdictional grounds, and in support thereof introduced in evidence its mortgage and the foreclosure proceedings under which the title of the State to the lands was acquired. No other evidence was introduced or offered. The court overruled the motion to vacate and dismiss, confirmed the report of the commissioners and adjudged the damages sustained by plaintiff as therein assessed. Therefrom the appeal is prosecuted.

Two propositions are presented by the State as ground for reversal. One, that there are no facts upon which a reverse eminent domain proceeding can be maintained and, the other, the action, in effect, is a suit against the State without its consent. It is the contention of plaintiff that State's second proposition is without merit and that, through failure of State to make proper record in trial court, it is not, under rules of this court, in a position to urge the first proposition and that for the purpose of review this court will consider as confessed facts justifying the proceeding and the award of damages. However applicable the rule may be in ordinary situations, it has no application here.

The statutory remedy invoked by the plaintiff can obtain only where the property of the plaintiff was taken in the exercise of the power of eminent domain (Tit. 66 O. S. 1941 §57). There is no need here to discuss the elements involved in the exercise of the power of eminent domain.

The evidence herein reflects simply that the State acquired title to the land at the foreclosure sale by purchase and in doing so exercised no power other than would any other person attending the sale who might have elected to bid on and purchase the mortgaged premises. In such situation there is no basis for any contention that the land purchased by State was taken or purchased in aid of the exercise of the power of eminent domain. Such being true, it follows that if the assessment lien was extinguished as a result of State acquiring title to the land, as contended by plaintiff, such extinguishment, resulting as a mere incident to that which is not a taking under eminent domain, precludes the idea that such extinguishment could be the result of the exercise of the power of eminent domain.

We express no opinion concerning the status of the assessment lien following the foreclosure action and the acquirement by the State of title to the lands that were subject thereto. Such questions are not material here because for reasons stated the divestiture, if any, could not give rise to the remedy herein sought.

In view of what has been said, we deem it unnecessary to discuss the State's second proposition.

The judgment is reversed and the cause remanded, with directions to dismiss plaintiff's petition, but without prejudice to plaintiff's right to invoke at law or in equity any relief that may be afforded.

HURST, C. J., DAVISON, V. C. J., and WELCH, CORN, ARNOLD, and LUTTRELL, JJ., concur.